IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUNI NADAN, et al., | CASE NO. CV F 11-1181 LJO SKO |
| Plaintiffs, | **ORDER TO DISMISS REMAINING DEFENDANT** |
| vs. | (Doc. 14.) |
| HOMESALES, INC., et al., | |
| Defendants. | |

### BACKGROUND

This Court's August 12, 2011 order ("August 12 order") dismissed with prejudice defendants Homesales, Inc., Chase Home Finance, LLC, and Chase Manhattan Mortgage Corporation and noted irreparable deficiencies in the operative complaint of plaintiffs Muni Nadan and Sakuntla Nadan (collectively the "Nadans"). The August 12 order required the Nadans, no later than August 19, 2011, to file papers to show cause why this Court should not dismiss this action against remaining defendant NDEX West, LLC. The August 12 order "**ADMONISHES the Nadans' counsel that this Court will dismiss this action against defendant NDEX West, LLC if the Nadans' counsel fails to comply with this order and fails to file timely papers to show cause why this Court should not dismiss this action against defendant NDEX West, LLC.**" (Bold in original.) The Nadans filed no papers to

address why this Court should not dismiss defendant NDEX West, LLC.

## DISCUSSION

### Failure To Comply With Orders

This Court's Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these [Local] Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or local rules or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal as the Nadans indicate a lack of interest to further litigate or prosecute this action. The third factor -- risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor

of dismissal discussed herein. Finally, a court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424. The August 12 order "**ADMONISHES the Nadans' counsel that this Court will dismiss this action against defendant NDEX West, LLC if the Nadans fail to comply with this order and fail to file timely papers to show cause why this Court should not dismiss this action against defendant NDEX West, LLC.**" (Bold in original.) The Nadans have failed to respond to the August 12 order and to address why defendant NDEX West, LLC should not be dismissed. As such, the Nadans disobeyed the August 12 order despite adequate warning that dismissal will result from disobedience of this Court's order.

Moreover, the August 12 order demonstrates that the Nadans lack a viable claim under their complaint's theories. This Court construes absence of a response to the August 12 order as a concession that the Nadans lack viable claims against defendant NDEX West, LLC. As detailed in the August 12 order, the complaint's claims fail as barred legally. The Nadans lack a viable claim.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES this action without prejudice against defendant NDEX West, LLC; and
2. DIRECTS the clerk to enter judgment in favor of defendant NDEX West, LLC and against plaintiffs Muni Nadan and Sakuntla Nadan and to close this action.

IT IS SO ORDERED.

Dated:   August 22, 2011                    /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE